**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

|  |  |
|---|---|
| ALFONSO AGUAYO,<br><br>Plaintiff,<br><br>vs.<br><br>LEXIS NEXIS RISK SOLUTIONS INC.,<br><br>Defendant. | Civil Case No.: 2:26-cv-01480<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Alfonso Aguayo ("Plaintiff") brings this action against LexisNexis Risk Solutions Inc. ("Defendant" or "LexisNexis") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.,* and alleges as follows:

**PARTIES**

1. Plaintiff is a natural person residing in West Babylon, New York, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) that maintains its principal place of business located at 1105 North Market Street, Suite 501, Wilmington, Delaware 19801. Defendant can be served through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, GA, 30046.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

1

## FACTUAL ALLEGATIONS
### Plaintiff's Application for Insurance Coverage with GEICO

5.      In or around September 2025, Plaintiff applied for automobile insurance coverage through non-party GEICO.

6.      For GEICO, to make a determination on Plaintiff's insurance application, it would need to obtain copies of his consumer report to evaluate Plaintiff's eligibility and rating for insurance.

7.      Plaintiff provided GEICO with his personal identification information and authorized it to obtain copies of his consumer report.

### GEICO Denies Plaintiff's Application for Insurance Coverage

8.      Shortly thereafter, Defendant sold a consumer report to GEICO about Plaintiff in response to Plaintiff's insurance application.

9.      In its consumer report about Plaintiff, Defendant identified two automobile insurance policies("Fraudulent Insurance Policies") belonging to *Ariel Francisco Garcia Mendez,* the primary policyholder, with Plaintiff listed as the *Secondary / Additional Policyholder,* appearing on the report as follows:

2



**Policy Details:**

| | | | |
|---|---|---|---|
| Carrier: | LM GENERAL INSURANCE | AMBest Number: | 003795 |

National Association of Insurance Commissioner's Number:   36447

| | | | |
|---|---|---|---|
| Policy Number: | AOS22151590240 | Inception Date: | 01/07/2021 |
| State: | New York | Most Recent Policy Term Start Date: | 01/07/2023 |
| Type: | Auto | Most Recent Policy Term End Date: | 01/07/2024 |
| Status: | Active | Risk Type: | |
| Reason Policy Cancelled: | Non Pay | | |

**Additional Names on Policy:**

- Name:  ARIEL FRANCISCO GARCIA MENDEZ
- Social Security Number:  • Date Of Birth:  10/XX/1993
- Gender:  Male
- Driver's License Number:  XXXXX8897  • Driver's License State:  New York
- Insurance Type:  Personal Auto  • Relationship:  Primary Policyholder
- Subject Most Recent Term Start Date:  01/07/2023  • Subject Most Recent Term End Date:  07/23/2023

---

- Number of Mid-Policy Cancellations:  1
- • Date First Seen on Policy:  01/07/2021
- Policyholder Cancellation Date:  07/23/2023

**VEHICLE & Details:**

**COVERAGE**
- Make:  CHEV  • Vehicle Current Term Start Date:  01/07/2023
- Year:  2017  • Vehicle Cancelled Date:  07/23/2023
- VIN:  1GNKVHKD1HJ210998  • Vehicle Current Term End Date:  07/23/2023

| Coverage Details: | | • Auto Coverage: | Yes |
|---|---|---|---|
| • Comprehensive: | 0 | • Collision: | 0 |
| • | | | |

**Financing Details:**
- Company:  SANTANDER CONSUMER USA INC
- Address:  PO BOX 183, MINNEAPOLIS, MN 55480 - 0183

**Auto Limit Details:**

| Coverage Type | Individual Limit | Combined Single Limit | Occurrence Limit |
|---|---|---|---|
| Bodily Injury | 25000 | 0 | 50000 |
| Property Damage | 0 | 0 | 25000 |
| Towing and Labor | 0 | 0 | 200 |
| Personal Injury Protection | 0 | 0 | 50000 |
| Medical Payments | 0 | 0 | 1000 |



10.     Defendant also reported multiple automobile accidents and insurance claims ("Fraudulent Insurance Claims") belonging to *Ariel Francisco Garcia Mendez,* which appeared on the consumer report as follows:

SECTION 6:

## Automobile Insurance Claim Records

This section contains all policy and prior loss history information on related to personal automobile and / or motorcycle claims within the Consumer's file. Please contact LexisNexis for source details for records within this section.

**RECORD 1**   **ARIEL GARCIA MENDEZ FRANCISCO**

| | | | |
|---|---|---|---|
| Social Security Number: | | Driver's License Number: | XXXXX8897 |
| Date of Birth: | 10/XX/1993 | Driver's License State: | New York |
| Date of Claim: | 07/16/2021 | First Payment Date: | 08/12/2021 |

**Claim Information**

| | | | |
|---|---|---|---|
| • Claim Number: | 46270806 | • Claim Disposition: | Closed |
| • Claim Amount: | 0 | • Claim Type: | Collision |
| • Claim Number: | 46270806 | • Claim Disposition: | Closed |
| • Claim Amount: | 0 | • Claim Type: | Property Damage |

**Vehicle Information**

| | | | |
|---|---|---|---|
| • Make / Model: | CHEVROLET EQUINOX | • VIN: | 2GNAXUEV6K6259279 |
| • Model Year: | 2019 | • VIN Disposition: | |

**Vehicle Operator Information**

| | | | |
|---|---|---|---|
| • Relationship to Policyholder: | | | |
| • Name: | ARIEL GARCIA MENDEZ FRANCISCO | • Driver's License Number: | XXXXX8897 |
| • Date of Birth: | 10/XX/1993 | • Driver's License State: | New York |

9/25/2025

| | | | |
|---|---|---|---|
| • Gender: | Male | • Social Security Number: | |
| • Address: | 338 E 32ND ST, BROOKLYN, NY 11226 - 8289 | | |
| • At Fault Indicator: | At Fault | | |

**Policy Information**

| | | | |
|---|---|---|---|
| • Auto Insurance Company AMBest Number: | | | 003795 |
| • Policy Number: | AOS22151590240 | • Policy Type: | Personal Auto |

**Secondary Policyholder Information**

| | | | |
|---|---|---|---|
| • Name: | ALFONSO AGUAYO | | |
| • Social Security Number: | | • Driver's License Number: | |
| • Date of Birth: | 11/XX/1990 | • Driver's License State: | |
| • Gender: | Male | | |

Record 1 Source Details: LIBERTY MUTUAL INS 24001 E. MISSION AVE LIBERTY LAKE, WA 99019 (509) 944-2653

**RECORD 2**     ARIEL GARCIA MENDEZ FRANCISCO

| | | | |
|---|---|---|---|
| Social Security Number: | | Driver's License Number: XXXXX8897 | |
| Date of Birth: | 10/XX/1993 | Driver's License State: | New York |
| Date of Claim: | 03/16/2022 | First Payment Date: | 04/16/2022 |

**Claim Information**

| | | | |
|---|---|---|---|
| • Claim Number: | 48980084 | • Claim Disposition: | Closed |
| • Claim Amount: | 2281 | • Claim Type: | Collision |
| • Claim Number: | 48980084 | • Claim Disposition: | Closed |
| • Claim Amount: | 7551 | • Claim Type: | Property Damage |

**Vehicle Information**

| | | | |
|---|---|---|---|
| • Make / Model: | CHEVROLET EQUINOX | • VIN: | 2GNAXUEV6K6259279 |
| • Model Year: | 2019 | • VIN Disposition: | |

**Vehicle Operator Information**

| | | | |
|---|---|---|---|
| • Relationship to Policyholder: | | | |
| • Name: | ARIEL GARCIA MENDEZ FRANCISCO | • Driver's License Number: | XXXXX8897 |
| • Date of Birth: | 10/XX/1993 | • Driver's License State: | New York |
| • Gender: | Male | • Social Security Number: | |
| • Address: | | | |

---

| | | | |
|---|---|---|---|
| • At Fault Indicator: | At Fault | | |

**Policy Information**

| | | | |
|---|---|---|---|
| • Auto Insurance Company AMBest Number: | | | 003795 |
| • Policy Number: | AOS22151590240 | • Policy Type: | Personal Auto |

**Secondary Policyholder Information**

| | | | |
|---|---|---|---|
| • Name: | ALFONSO AGUAYO | | |
| • Social Security Number: | | • Driver's License Number: | |

---

**RECORD 3**     ARIEL GARCIA MENDEZ FRANCISCO

| | | | |
|---|---|---|---|
| Social Security Number: | | Driver's License Number: XXXXX8897 | |
| Date of Birth: | 10/XX/1993 | Driver's License State: | New York |
| Date of Claim: | 08/18/2022 | First Payment Date: | 08/25/2022 |

**Claim Information**

| | | | |
|---|---|---|---|
| • Claim Number: | 50577509 | • Claim Disposition: | Closed |
| • Claim Amount: | 16420 | • Claim Type: | Collision |
| • Claim Number: | 50577509 | • Claim Disposition: | Closed |
| • Claim Amount: | 720 | • Claim Type: | Rental Reimbursement |

**Vehicle Information**

| | | | |
|---|---|---|---|
| • Make / Model: | CHEVROLET EQUINOX | • VIN: | 2GNAXUEV6K6259279 |
| • Model Year: | 2019 | • VIN Disposition: | |

6

**Vehicle Operator Information**

| | | | |
|---|---|---|---|
| • Relationship to Policyholder: | | | |
| • Name: | ARIEL GARCIA MENDEZ FRANCISCO | • Driver's License Number: | XXXXX8897 |
| • Date of Birth: | 10/XX/1993 | • Driver's License State: | New York |
| • Gender: | Male | • Social Security Number: | |
| • Address: | | | |
| • At Fault Indicator: | At Fault | | |

**Policy Information**

| | | | |
|---|---|---|---|
| • Auto Insurance Company AMBest Number: | | | 003795 |
| • Policy Number: | AOS22151590240 | • Policy Type: | Personal Auto |

**Secondary Policyholder Information**

| | | | |
|---|---|---|---|
| • Name: | ALFONSO AGUAYO | | |
| • Social Security Number: | | • Driver's License Number: | |
| • Date of Birth: | 11/XX/1990 | • Driver's License State: | |
| • Gender: | Male | | |

*Record 3 Source Details: LIBERTY MUTUAL INS 24001 E. MISSION AVE LIBERTY LAKE, WA 99019 (509) 944-2653*

---

**RECORD 4    ARIEL GARCIA MENDEZ FRANCISCO**

| | | | |
|---|---|---|---|
| Social Security Number: | | Driver's License Number: | XXXXX8897 |
| Date of Birth: | 10/XX/1993 | Driver's License State: | New York |
| Date of Claim: | 02/05/2023 | First Payment Date: | 08/24/2023 |

**Claim Information**

| | | | |
|---|---|---|---|
| • Claim Number: | 52523121 | • Claim Disposition: | Closed |
| • Claim Amount: | 10000 | • Claim Type: | Bodily Injury |

---

| | | | |
|---|---|---|---|
| • Claim Number: | 52523121 | • Claim Disposition: | Closed |
| • Claim Amount: | 0 | • Claim Type: | Collision |
| • Claim Number: | 52523121 | • Claim Disposition: | Closed |
| • Claim Amount: | 5802 | • Claim Type: | Property Damage |

**Vehicle Information**

| | | | |
|---|---|---|---|
| • Make / Model: | CHEVROLET TRAVERSE | • VIN: | 1GNKVHKD1HJ210998 |
| • Model Year: | 2017 | • VIN Disposition: | |

**Vehicle Operator Information**

| | | | |
|---|---|---|---|
| • Relationship to Policyholder: | | | |
| • Name: | ARIEL GARCIA MENDEZ FRANCISCO | • Driver's License Number: | XXXXX8897 |
| • Date of Birth: | 10/XX/1993 | • Driver's License State: | New York |
| • Gender: | Male | • Social Security Number: | |
| • Address: | | | |
| • At Fault Indicator: | At Fault | | |

**Policy Information**

| | | | |
|---|---|---|---|
| • Auto Insurance Company AMBest Number: | | | 003795 |
| • Policy Number: | AOS22151590240 | • Policy Type: | Personal Auto |

11.     On or around September 24, 2025, GEICO denied Plaintiff's insurance application because of the adverse information appearing in the report furnished by Defendant LexisNexis.

12.     Plaintiff obtained a copy of the subject consumer report and was shocked to discover the inclusion of the Fraudulent Insurance Policies and Fraudulent Insurance Claims that do not belong to him.

13.     Plaintiff believes that his personal information was improperly used to associate him with *Ariel Francisco Garcia Mendez's* insurance policy.

14.     Plaintiff has never met or heard of *Ariel Francisco Garcia Mendez* and has never authorized anyone to include him on any insurance policy. Although, Plaintiff suspects that he worked with Mendez at a restaurant.

15.     By reporting insurance policies and accident claims that clearly did not belong to Plaintiff, Defendant failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b).

### Plaintiff disputes the Inaccurate Information

16.     On October 4, 2025, Plaintiff obtained a copy of his driving record from the Department of Motor Vehicles (DMV), which confirmed that he had been involved in only one accident, a claim associated with his Ford vehicle on December 9, 2023.

17.     On October 9, 2025, Plaintiff contacted Liberty Mutual Insurance ("Liberty Mutual") whose representative stated that there had been multiple insurance policies and claims associated with Plaintiff's name. Specifically, Plaintiff was listed as a secondary policyholder in a policy that had been canceled in 2023 involving a 2017 Chevrolet Traverse, and prior to that a 2019 Chevrolet Equinox, with co-insured *Mendez*. During the call, Liberty Mutual identified several addresses which did not match Plaintiff's known residences.

18.     On October 30, 2025, Plaintiff disputed the inaccurate information with Defendant via email, providing copies of his Social Security card, driver's license and proof of address.

19.     Plaintiff requested that Defendant immediately remove the inaccurate entries, conduct a reinvestigation, and provide both Plaintiff and GEICO a corrected copy of his consumer report.

20.     On October 30, 2025, Defendant issued a written response, acknowledging Plaintiff's request.

21.     On December 30, 2025, Plaintiff executed a Federal Trade Commission (FTC) Identity Theft Affidavit.

22.     On January 5, 2026, Plaintiff attached the FTC affidavit to a second dispute sent to Lexis Nexis via email. Thus, Defendant's duties under 15 U.S.C. §§ 1681c-2, 1681i were triggered.

23.     Defendant never blocked the identity theft information as required under 15 U.S.C. § 1681c-2.

24.     On February 2, 2026, Defendant issued a written response stating that upon conducting a reinvestigation, it confirmed the Fraudulent Insurance Policies and Fraudulent Insurance Claims as accurate.

25.     Defendant failed to adequately review all of the information provided to it by Plaintiff.

26.     Defendant failed to reinvestigate Plaintiff's dispute and failed to block the Fraudulent Account.

27.     Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed charges were the product of identity theft.

9

28.     Defendant also violation 15 U.S.C. § 1681c-2 by failing to block the identity theft information and/or declining/rescinding the block without any permissible basis.

**Plaintiff's Damages**

29.     Plaintiff did exactly what he should have done upon realizing he was the victim of identity theft.

30.     Plaintiff communicated immediately with the furnisher and explained that the Fraudulent Insurance Policies and Fraudulent Insurance Claims were opened without his authorization and resulted from identity theft.

31.     Plaintiff filed an FTC ID Theft Report.

32.     Plaintiff disputed the Fraudulent Account with the Defendant multiple times.

33.     Plaintiff immediately identified himself as an identity theft victim and requested that the Defendant block the account information that was the product of identity theft.

34.     Defendant repeatedly disregarded Plaintiff's credible disputes.

35.     Defendant understands it is often the case that an identity thief's activities, often designed intentionally to fabricate information into a credit file, will cause false information to appear on an identity theft victim's credit file.

36.     Despite Plaintiff's multiple disputes to the Defendant, Defendant refused to remove the Fraudulent Insurance Policies and Fraudulent Insurance Claims from his credit report.

37.     On February 25, 2026, Plaintiff was once again denied insurance coverage by GEICO due to Defendant's continued inaccurate reporting.

38.     Plaintiff has been forced to rent vehicles to maintain transportation for work and daily responsibilities. These rentals have lasted approximately two to three months and cost roughly $350 to $400 per week. The rental schedule also requires him to leave work early each

week to return the vehicle before the rental office closes, resulting in repeated disruptions to his work schedule.

39.     Plaintiff is the sole income earner in his household and is responsible for supporting his family. The continued rental costs have increased financial strain and have forced him to rely more heavily on credit cards. The situation has caused him significant emotional distress, anxiety and frustration from his inability to obtain automobile insurance, ongoing uncertainty about transportation and the financial pressure with rental expenses.

40.     Plaintiff is currently undergoing medical treatment and the situation has exacerbated his already vulnerable health condition.

41.     Furthermore, Plaintiff was forced to obtain legal advice and counsel, for which he incurred attorney's fees.

42.     At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

43.     At all times pertinent hereto, the conduct of Defendant, as well as that of its representative agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

44.     The Defendant is aware of the shortcomings of its respective procedures and intentionally chooses not to comply with the FCRA to lower its costs.   Accordingly, the Defendant's violations of the FCRA is willful.

## CAUSES OF ACTION
### COUNT I
**Violation of 15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

45.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

11

46.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

47.    On numerous occasions, Defendant prepared patently false consumer reports concerning Plaintiff.

48.    Despite actual and implied knowledge that Plaintiff was the victim of identity theft, Defendant readily and repeatedly sold such false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness by suggesting that Plaintiff had an automobile loan account.

49.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

50.    As a result of Defendant's FCRA violations, Plaintiff was damages as alleged herein.

51.    The Defendant's conduct, actions, and inactions were willful, rendering Defendant liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Credit Bureau Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

52.    Plaintiff is entitled to recover attorneys' fees and costs from the Credit Bureau Defendants in an amount to be determined by the Court under 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**Violations of 15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**

53.    Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

54.    The FCRA mandates that a CRA conduct an investigation of the accuracy of

information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. See 15 U.S.C. § 1681i(a)(1). The Act imposes a 30-day limitation for the completion of such an investigation. *Id*.

55. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

56. Plaintiff repeatedly disputed the inaccurate information with the Defendant and requested that it delete the Fraudulent Insurance Policies and Fraudulent Insurance Claims which were the product of identity theft, all to no avail.

57. On at least one occasion, Plaintiff supported his dispute with a copy of the FTC ID Theft Report.

58. Despite actual and implied knowledge that Plaintiff was the victim of identity theft, and in response to Plaintiff's disputes, Defendant conducted virtually no investigations of Plaintiff's disputes, or such investigations were so inadequate as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

59. Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate before the end of the 30-day period beginning on the date on which it received the notices of dispute from Plaintiff; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

60. As a result of Defendant's FCRA violations, Plaintiff was damages as alleged herein.

61.     Defendant's conduct, actions, and inactions were willful, rendering the Defendant liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**COUNT III**
**Violations of 15 U.S.C. § 1681c-2**
**Failure to Block Identity Theft Information**

62.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

63.     Defendant violated 15 U.S.C. § 1681c-2 by failing to block the reporting of the disputed information which was due to identity theft from Plaintiff's file.

64.     15 U.S.C. § 1681c-2 prescribes for very limited bases to decline or rescind a block. Defendant did not have a legal basis to decline or rescind a block request. Yet, that is precisely what Defendant did.

65.     Plaintiff repeatedly submitted ample evidence of the fact that he was an identity theft victim, providing a copy of the FTC IDT Report.

66.     Defendant did not block the identity theft information. Alternatively, Defendant rescinded the block even though the disputed information was clearly the result of identity theft.

67.     As a result of Defendant's FCRA violations, Plaintiff was damages as alleged herein.

68.     The Defendant's conduct, actions, and inactions were willful, rendering the Defendant liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

69.     Plaintiff is entitled to recover attorneys' fees and costs from the Credit Bureau Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or

14

§ 1681o.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

Dated: March 13, 2026

*/s/ Yaear Weintroub*
Yaear Weintroub, NY # 6153431
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing NY 11367
T: (718) 576-1863
F: (718) 247-8020
E: yweintroub@consumerattorneys.com

*Attorneys for Plaintiff*
*Alfonso Aguayo*